## LEVI DECKER, Plaintiff, *v.* THE GUTTA PERCHA AND RUBBER MANUFACTURING COMPANY, Defendant.

*Evidence — when the declarations of an officer of a corporation are competent against it — recognition of his authority to make them.*

The superintendent of a manufacturing company, who had been in the habit of negotiating sales of its goods, and of talking with customers in regard to them, made certain representations to a purchaser with regard to the character, quality and durability of certain billiard cushions, and then referred him for the price to the president, who fixed the same.

An action having been brought by the purchaser for an alleged breach of warranty

*Held,* that such declarations of the superintendent, made in the course of business, and to induce a sale, were competent evidence against the corporation.

That where it appeared that the president, when he fixed the price, knew that the purchaser had already talked with the superintendent, this amounted to a recognition by the president of the right of the superintendent to speak as to the quality of the goods.

Exceptions of the plaintiff Levi Decker taken upon the trial of this action at the New York Circuit before the court and a jury, at which the complaint was dismissed, and said exceptions were directed to be heard in the first instance at the General Term.

*E. P. Wheeler,* for the plaintiff.

*W. H. Arnoux,* for the defendant.

Van Brunt, P. J.:

The plaintiff in this action had been for many years a manufacturer of billiard tables, and had been accustomed to purchase billiard table cushions of the defendant; and in April, 1881, being desirous of obtaining rubber for the purpose of constructing the cushions of billiard tables, applied to the defendants therefor, and saw the general manager and superintendent of the business of the defendants at their factory, who made certain representations in reference to the character, quality and durability of these cushions. The superintendent referred the plaintiff to the president of the defendant to fix the price thereof.

The cushions having turned out to be of an inferior quality, the plaintiff brought this action to recover damages sustained because of the breach of an alleged warranty in reference to the quality and durability of these cushions.

Upon the trial he sought to prove what representations and statements had been made by the superintendent at the time of the purchase of these cushions ; and this evidence was excluded upon the ground of want of authority upon the part of the superintendent to bind the corporation by any such representations.

It is not necessary, in considering this proposition, to treat of the question of election as to the causes of action, no such question being raised upon this appeal.

The ruling of the court is sought to be sustained by the cases of *Mining Company* v. *Anglo-Californian Bank* (104 U. S., 192) and *Martin* v. *Webb* (110 id., 7). But an examination of those cases shows that they have no relevancy to the question presented by the ruling of the court below. In the case of *Mining Company* v. *Anglo-Californian Bank* it was held that, as incident to the general powers of a mining company, its board of directors may borrow money for its purposes and invest certain of its officers with authority to negotiate loans, execute notes and sign checks drawn upon its bank account, and that the fact that the board has invested them with such authority may be shown otherwise than by the official record of its proceedings ; as by evidence that, without objection by the board, checks have for a long period been signed by the president and secretary of the company. In the case of *Martin* v. *Webb* it was held that the cashier of a bank might be shown to have been clothed with power to transact business outside of his ordinary duties by parol, or that it might be implied from the conduct and acquiescence of its directors. The principles enunciated in those cases are in nowise in conflict with the ordinary rule which has been long established, that a salesman, in the conduct of a mercantile business, may make declarations and representations in regard to the quality, character and fitness of the merchandise intrusted to him for sale. And there is no difference in this respect between the agents of a corporation and the agents of an individual.

In the case of *Ahern* v. *Goodspeed* (72 N. Y., 108), the rule is expressly laid down that an agent for the sale of property, in the absence of any express limitation of his power, has authority to do any act or make any declaration in regard to the property found necessary to make a sale, and usually incidental thereto.

In the case at bar it would appear that the superintendent had

been in the habit of negotiating sales and talking with customers, and that all that the president did was to fix the price. There were no limitations upon the ordinary powers which a salesman possesses, except, perhaps, that the price of manufacture was to be fixed by the president.

It seems to us that, under these circumstances, the plaintiff had a right to show what took place between the superintendent and himself, whereby he was induced to make the purchase. Whether it would turn out, when the evidence was received, that what was said by the superintendent was more than the expression of an opinion must be determined by the character of the evidence when introduced. But the plaintiff was precluded from giving evidence of this character, and, apparently, was even precluded from testifying to that which he repeated to the president of the corporation. And it is to be observed, in the consideration of this question, that the president knew that the plaintiff had been talking to the superintendent in reference to this rubber, its character and suitability for the business, and that the only subject of conversation between the president and the plaintiff was the matter of price.

It would seem, also, that this was a distinct recognition of the right of the superintendent to make representations as to the quality of the goods which were to be delivered.

We think, therefore, that error was committed in excluding the testimony as to what transpired between the plaintiff and the superintendent, the effect of such testimony, however, not being passed upon in the disposition of this appeal.

The exceptions should be sustained and the motion for a new trial should be granted, with costs to plaintiff to abide event.

DANIELS and INGRAHAM, JJ., concurred.

Exceptions sustained and motion for new trial granted, with costs to plaintiff to abide event.